IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRELL MICKLES, #11733-003,   :

    Plaintiff,   :

vs.   :CIVIL ACTION NO. 16-00369-CG-B

JUDGE WILLIAM STEELE, *et al.*,   :

    Defendants.   :

**REPORT AND RECOMMENDATION**

Plaintiff Terrell Mickles, a federal prison inmate proceeding *pro se*, filed a civil rights Complaint together with a Motion to Proceed Without Prepayment of Fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I.  Section 1915(g)'s Three-Strikes Provision.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

> or fails to state a claim upon which
> relief may be granted, unless the
> prisoner is under imminent danger of
> serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action or appeal is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007).

Because Mickles sought leave to proceed in forma pauperis by filing a Motion to Proceed Without Prepayment of Fees,[1] the Court, in screening his Complaint, reviewed the records of the United States Courts nationwide to determine if he has three or more *in forma pauperis* actions and appeals that were dismissed

---

[1] Initially, Mickles filed a brief Complaint against Judge William Steele, John T. Moore, Kenyon Brown, Daryl Atchinson, Magistrate Judge Bert Milling, and Adam W. Overstreet. (Doc. 1). No filing fee or motion to proceed without prepayment of fees accompanied the Complaint. Thereupon, the Court ordered Plaintiff to file his Complaint on the Court's form for a § 1983 action and to pay the filing fee or file a motion to proceed without prepayment of fees. (Doc. 2). Mickles filed the instant Complaint on the Court's complaint form, naming only Judge Steele as a Defendant, and a Motion to Proceed Without Prepayment of Fees. (Docs. 3, 4).

on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted.  From those dockets the Court discovered that Mickles had three *in forma pauperis* actions and appeals dismissed for one of the foregoing reasons, namely, Mickels v. Steele, CA No. 15-00117-KD-C (S.D. Ala. May 12, 2016) (frivolous), and Mickels v. Moore, CA No. 14-00086-WS-N (S.D. Ala.) (frivolous and failure to state a claim), appeal dismissed, No. 14-14763-C (11th Cir. 2015)(frivolous).[2] Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), Mickles must satisfy § 1915(g)'s exception, which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury."  Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a

---

[2]   In Mickels v. Moore, the district court's and appeals court's determinations are each counted as a strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) ("Congress would have us count both the dismissal in the district court and the separate dismissal of the appeal as frivolous."); cf. Coleman v. Tollefson, ___U.S. ___, 135 S.Ct. 1759,1763, 135 L.Ed.2d 803 (2015) (ruling that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal," and rejecting that it must be an affirmed dismissal in order to count as a strike).

prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In determining if the exception to § 1915(g) is satisfied, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350. To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, 2007 WL 484547, at *1 (S.D. Ala. 2007) (quotation omitted) (unpublished) (Granade, C.J.). Plaintiff has not done this.

In the present Complaint, Mickles' allegations are quite abbreviated. He simply states that the "Court violated [his] constitutional rights by false documentation." (Doc. 4 at 4). He states his claim against Judge Steele is for a violation of his constitutional rights and for a "conspiracy," both of which are based on "false documentation in documents." (Id. at 5). In the space provided for informing the Court what he wants the Court to do for him if he wins, he left the space empty. (Id. at 7). Needless to say, these allegations are devoid of a reference to a physical injury. Accordingly, the undersigned

finds that Mickles does not meet § 1915(g)'s exception that requires he be in imminent danger of serious physical injury in order to avoid the application of § 1915(g).

## IV. Conclusion.

Because Mickles cannot avail himself of § 1915(g)'s exception, and he did not pay the $400 filing fee at the time he filed this action, this action is due to be dismissed without prejudice.  Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit precedent,

"the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings."  Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **October, 2016.**

          **/s/ SONJA F. BIVINS**
        **UNITED STATES MAGISTRATE JUDGE**